UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21841-CIV-ALTONAGA/Goodman

**THUAN VIET DOAN**,

    Plaintiff,

v.

**UNITED STATES OF AMERICA**,

    Defendant.
_____/

# ORDER

**THIS CAUSE** came before the Court on Defendant, United States of America's Motion to Dismiss [ECF No. 12], filed August 3, 2018. Defendant moves to dismiss *pro se* Plaintiff, Thuan Viet Doan's Complaint [ECF No. 1], for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.). Plaintiff has since filed a Response [ECF No. 14], Defendant filed a Reply [ECF No. 22], and Plaintiff filed a Surreply [ECF No. 28]. The Court has considered the parties' submissions, the record, and applicable law. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

Plaintiff is a veteran of the U.S. Air Force who served on active duty from September 1993 through February 1994. (*See* Compl. ¶ 5). On May 10, 2017, Plaintiff was involuntarily detained at the Miami Veterans Affairs Healthcare System ("Miami VAMC"), following a Compensation & Pension ("C&P") examination. (*See id.* ¶ 30; *see also* Mot. 1 (footnote call number omitted)). The C&P examiner recommended that Plaintiff go to the emergency department, but he refused. (*See* Compl. ¶ 14). The C&P examiner informed Plaintiff she would

conduct an involuntary examination of Plaintiff under Florida's Mental Health Act (the "Baker Act"), section 394.463(2)(a)(3), Florida Statutes. (*See* Compl. ¶¶ 15–16). Two Department of Veterans Affairs ("VA") police officers then took Plaintiff into custody. (*See id.* ¶ 16).

Plaintiff brings this action against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346(b) & 2671–2680. (*See id.* ¶ 1). Plaintiff alleges his involuntary examination and confinement were unlawful because Miami VAMC personnel failed to comply with various provisions of the Baker Act. (*See generally id.*). Counts I and III state claims of false imprisonment by VA police officers and an emergency department physician, respectively. (*See id.* ¶¶ 14–20; 30–32). Count II alleges negligence by the emergency department physician. (*See id.* ¶¶ 21–29).

## II.  LEGAL STANDARD

The standard governing review of a Rule 12(b)(6) motion is well established. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." (alterations added; internal quotation marks omitted) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005); other citation omitted)).

The scope of review on a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). Yet, the court "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (internal quotation marks omitted) (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); other citation omitted).

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's claims, arguing he has not pled sufficient facts establishing the unlawfulness of his involuntary confinement. (*See generally* Mot.). Specifically, Defendant asserts Plaintiff's confinement was properly initiated by a health care professional who examined Plaintiff and determined he met the criteria for involuntary examination. (*See id.*).

**A. The Baker Act**

Plaintiff's claims all stem from the involuntary examination Defendant initiated under the Baker Act. (*See generally* Compl.; *see also* Mot. 1–2). Under the Baker Act, a person believed to have a mental illness may be involuntarily committed and examined. *See* Fla. Stat. §§ 394.451–394.47892. A person may be taken to a receiving facility for involuntary examination if there is reason to believe the person has a mental illness and, without care or treatment, the person poses a real and present threat of substantial harm to himself or others. *See id.* § 394.463(1).

The involuntary examination of a person may begin in any one of three ways: (1) when, after a circuit or county court enters an *ex parte* court order stating a person appears to meet the criteria for involuntary examination, a law enforcement officer or other designated agent of the court takes that person into custody; (2) when a law enforcement officer takes into custody a person the officer has determined appears to meet the criteria for involuntary examination; or (3) when a law enforcement officer takes into custody a person whom a health care professional has examined and determined meets the criteria for involuntary examination. *See id.* § 394.463(2)(a)(1–3).

Defendant concedes the first two ways are inapplicable to the facts alleged in the

Complaint.  (*See generally* Mot.)  Instead, Defendant asserts Plaintiff was involuntarily committed in accordance with "the express legality of the third way," i.e., by a certificate of a medical professional.  (Mot. 2; *see also* Certificate of Professional Initiating Involuntary Examination [ECF No. 12-1] (the "Certificate")).[1]  According to Plaintiff, Defendant failed to comply with the requirements of the "third way," section 394.463(2)(a)(3), because the VA officers who took him into custody on the basis of the Certificate were not "law enforcement officers" within the meaning of the Baker Act and the Miami VAMC is not a designated Baker Act receiving facility.  (Compl. ¶¶ 8, 17; Resp. 4).  Additionally, Plaintiff states Defendant failed to comply with a section of the Baker Act that governs procedures for the placement of veterans with the Department of Veterans Affairs.  (*See* Resp. 5–6; Fla. Stat. § 394.4672).  In examining the sufficiency of Plaintiff's claims, the Court addresses only section 394.463(2), under which Plaintiff was admitted to the Miami VAMC.  (*See* Compl. ¶ 16).

**B. False Imprisonment Claims (Counts I & III)**

Plaintiff alleges VA police officers and an emergency department physician falsely imprisoned him at the Miami VAMC.  (*See* Compl. ¶¶ 14–20; 30–32).  Defendant argues Plaintiff fails to state a claim for relief because Plaintiff does not sufficiently allege his confinement under the Baker Act was unlawful.  (*See* Mot. 4).

False imprisonment is "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006) (per curiam) (quoting *Escambia Cty. Sch. Bd. v. Bragg*, 680 So. 2d 571, 572 (Fla. 1st DCA 1996) (other citation omitted)).  "When a law enforcement officer takes a person into custody for involuntary

---

[1] Although it is not attached to the Complaint, the Court considers the Certificate on this Rule 12(b)(6) motion because its authenticity is not challenged and it is central to Plaintiff's claims.  *See Speaker*, 623 F.3d at 1379.

examination pursuant to Section [] 394.463 [of the Baker Act], this encounter is an involuntary deprivation of liberty and thus must be lawful to withstand a claim for false imprisonment." *Whitcomb v. City of Panama City*, No. 5:13-cv-30-RS-EMT, 2013 WL 6859095, at *7 (N.D. Fla. Dec. 30, 2013) (alterations added; citation omitted). A false imprisonment claim "can be asserted based on allegations that a person was involuntarily held without compliance with the Baker Act." *Liles v. P.I.A. Medfield, Inc.*, 681 So. 2d 711, 712 (Fla. 2d DCA 1995) (citing *Everett v. Fla. Inst. of Tech.*, 503 So. 2d 1382, 1382 (Fla. 5th DCA 1987)).

    *i.    Count I*

The Complaint's first false imprisonment claim is stated in Count I, where Plaintiff alleges the two VA police officers who took him into custody were not "law enforcement officers" under the Baker Act, and thus his detention constituted false imprisonment. (Compl. ¶ 17). Defendant does not argue VA police officers are in fact law enforcement officers under the meaning of the Baker Act. (*See generally* Mot.; Reply). Instead, Defendant asserts the elements of false imprisonment are silent regarding the status of the persons allegedly perpetrating the false imprisonment, and the central question is the legality of those persons' conduct. (*See* Reply 6 n.4). In response, Plaintiff insists the officers' conduct was illegal because they were not "law enforcement officers" under the Act. (*See* Resp. 4).

The Baker Act defines "law enforcement officer" as:

> [A]ny person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.

Fla. Stat. § 943.10(1) (alteration added).[2] A "law enforcement officer" as defined in section 943.10 "must be either a state or local officer," and cannot be an "employee[] of the United States government." *McLaughlin v. State*, 721 So. 2d 1170, 1173 (Fla. 1998) (alteration added).

Relying on *McLaughlin*, former Florida Attorney General Robert Butterworth issued an advisory opinion stating "federal law enforcement officers do not constitute law enforcement officers for purposes of Florida's Baker Act, and thus possess no authority under the act to initiate the involuntary examination of a person or to transport such person as law enforcement officers." Fla. Att'y Gen. Op. No. 99-68 (1999). Federal VA police officers are not "person[s] . . . elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof . . . ." Fla. Stat. § 943.10(1) (alterations added)). "[U]ntil and unless the Legislature amends the definition of 'law enforcement officer' for purposes of the Baker Act to include federal officers," VA police officers have "no authority under the act to initiate the involuntary examination of a person" under the Baker Act. Fla. Att'y Gen. Op. No. 99-68 (alteration added).

Although the health care professional who examined Plaintiff complied with the Baker Act's requirements regarding a certificate of professional (*see* Fla. Stat. § 394.463(2)(a)(3)), Defendant's involuntary examination nevertheless failed to comply with the Baker Act because the VA police officers who took Plaintiff into custody were not "law enforcement officers" under the meaning of the Act. *See McLaughlin*, 721 So. 2d at 1173; *see also* Fla. Att'y Gen. Op. No. 99-68.

The lawfulness of Plaintiff's detention is crucial to the sufficiency of a false imprisonment claim. *See Johnson*, 437 F.3d at 1116. Contrary to Defendant's assertion, the

---

[2] A "law enforcement officer" in the Baker Act carries the meaning of a "law enforcement officer" as defined in section 943.10, Florida Statutes. *See* Fla. Stat. § 394.455(24).

legal status of the persons who detained Plaintiff under the Baker Act is highly relevant to the lawfulness of Plaintiff's detention, as only a law enforcement officer is permitted to involuntarily detain someone under the Act. *See* Fla. Stat. § 394.463(2)(a)(3). Because the VA police officers were not authorized to take Plaintiff into custody under section 394.463(2), Defendant allegedly did not comply with the requirements of the Baker Act. *See McLaughlin*, 721 So. 2d at 1173. Viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff presents a plausible claim of false imprisonment in Count I.

> *ii.* *Count III*

In Count III, Plaintiff alleges the emergency department physician at the Miami VAMC also unlawfully detained him because the physician did not obtain either Plaintiff's written informed consent or a court order as required under section 394.4672 of the Baker Act. (*See* Compl. ¶ 30; Resp. 6). Section 394.4672 of the Baker Act governs a veteran's placement with a federal agency and has its own set of requirements. *See* Fla. Stat. § 394.4672. Defendant argues Plaintiff's reliance on section 394.4672 fails because Plaintiff was not admitted to the Miami VAMC under section 394.4672, but rather based on the Certificate of the medical professional who initiated Plaintiff's involuntary examination. (*See* Reply 8; *see also* Fla. Stat. § 394.463(2)(a)(3)).

The Certificate confirms Plaintiff was subjected to an involuntary examination under the certification process in section 394.463(2)(a)(3), not under section 394.4672. (*See* Certificate). Therefore, the physician was not required to obtain Plaintiff's written informed consent or a court order. *See* Fla. Stat. § 394.463(2)(a)(3)). Plaintiff nevertheless alleges the emergency department physician failed to comply with the requirements of section 394.463(2)(a)(3) because he confined Plaintiff at the Miami VAMC, which is not a designated receiving facility under the

Baker Act. (*See* Resp. 6; Compl. ¶ 8). Defendant does not address Plaintiff's assertion (*see* Compl. ¶ 8) that the Miami VAMC is not a Baker Act receiving facility as required by section 394.463(2)(a)(3)). (*See generally id.*). Instead, Defendant's Reply for the first time raises an argument that designation of the Miami VAMC as a Baker Act receiving facility is not required because of state regulations. (*See* Reply 3–5). In support, Defendant attaches an Order issued by the Florida Department of Children and Families ("DCF"), waiving the requirement that VA facilities be designated as Baker Act receiving facilities. (*See generally* Order Granting Waiver Request ("Waiver") [ECF No. 22-2]).

The Court will not consider arguments made for the first time in a reply, *see, e.g.*, *Brown v. CitiMortgage*, 817 F. Supp. 2d 1328, 1332 (S.D. Ala. 2011) (citations omitted), nor will the Court consider an extrinsic document such as the waiver when Defendant has cited to no authority explaining how the document is subject to judicial notice. Accordingly, the Court finds Plaintiff has sufficiently alleged the Miami VAMC is not a designated Baker Act receiving facility and, therefore, the emergency department physician did not comply with the requirements of section 394.463(a)(2)(3). (*See* Compl. ¶ 8; *see also generally* Resp.). Plaintiff thus states a plausible claim of false imprisonment in Count III.

C. **Negligence Claim (Count II)**

In Count II, Plaintiff alleges the emergency department physician at the Miami VAMC "committed ordinary negligence" by (1) failing to obtain either a court order or his consent prior to committing him to the Department of Veterans Affairs, and (2) improperly admitting him to the Miami VAMC, which is not a designated Baker Act receiving facility. (Compl. ¶¶ 21, 26). To properly plead a negligence claim, a plaintiff must allege four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that

duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1357 (S.D. Fla. 2016) (quoting *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1308 (S.D. Fla. 2011)).

Plaintiff claims the emergency department physician violated the requirements of the Baker Act. (*See generally* Compl.; Resp. 5–6). According to Defendant, the physician did not have a duty to obtain a court order or Plaintiff's consent because he initiated Plaintiff's involuntary examination under the certification process in section 394.463(2)(a)(3) of the Baker Act. (*See* Mot. 6). In its Motion, Defendant argues the physician satisfied the requirements of section 394.463(2)(a)(3) and does not address Plaintiff's contention the Miami VAMC is not a Baker Act receiving facility. (*See generally id.*). In his Response, Plaintiff asserts the physician did not comply with section 394.463(2)(a)(3) because the Miami VAMC is not a Baker Act receiving facility. (*See* Resp. 5).

As previously stated, the Court will not consider Defendant's argument (raised for the first time in its Reply) regarding designation of Baker Act facilities, nor will the Court consider an extrinsic document regarding DCF's waiver of VA facility designations. (*See supra* section III(b)(ii)). Plaintiff alleges the Miami VAMC is not a designated Baker Act receiving facility and, therefore, the emergency department physician did not comply with the requirements of section 394.463(a)(2)(3). Florida law provides a statutory violation can serve as "*prima facie* evidence of negligence." *deJesus v. Seaboard Coast Line R.R. Co.*, 281 So. 2d 198, 200–01 (Fla. 1973). While the Complaint does not specifically plead each of the elements of negligence, it sufficiently alleges Defendant violated the Baker Act. (*See generally* Compl.) Accordingly, the Court finds Plaintiff states a plausible claim of negligence in Count II.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant, United States of America's Motion to Dismiss **[ECF No. 12]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of October, 2018.

*[signature: Cecilia M. Altonaga]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record; Plaintiff, *pro se*